UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 1:95-CR-25-DBH |
| ) | |
| KENNETH LEON MEADER, ) | |
| ) | |
| DEFENDANT ) | |

ORDER ON DEFENDANT'S MOTION FOR PERMISSION TO FILE
OUT-OF-TIME APPEAL OF DISTRICT COURT'S DECISION

The motion for permission to file an out-of-time appeal of the district court's decision is **DENIED**.

Fed. R. App. P. 4(b)(4), governing criminal appeals, states: "Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." In this case, the defendant's time to file his notice of appeal expired February 25, 2015 (14 days after my Order denying his motion to appoint counsel and reduce sentence (ECF No. 95)). See Fed. R. App. P. 4(b)(1)(A). Thus I have no authority to extend the time to file notice of appeal more than 30 days after February 25, a deadline already long past. (The defendant has also not shown excusable neglect or good cause, asserting only that "[d]ue to a misunderstanding of the court rules, I missed the deadline . . . ." Def.'s Mot. (ECF No. 97.)

I understand that administrative correspondence from the Clerk of the Court of Appeals for the First Circuit, dated May 8, 2015, Def.'s Mot. (ECF No. 97-2), told the defendant to file a request for an extension of the appeal deadline in this court and referred him to Fed. R. App. P. 4(a)(5).  Sadly, that correspondence may have given the defendant false hope that he could still pursue his appeal.  Rule 4(a)(5)(A)(ii) does allow a district court to extend the deadline up to 14 days after the district court rules on a timely filed motion to extend.  But for two reasons, that provision does not help the defendant.  First, Rule 4(a)(5) applies only to *civil* appeals, whereas the appeal here is a *criminal* appeal, involving a sentence.  See United States v. Custer, 751 F. Supp. 2d 323, 324 (D. Mass. 2010), responding to questions raised by First Circuit in its Order of Court, No. 09-2629 (Oct. 28, 2010) ("Although the First Circuit has not ruled explicitly on whether re-sentencing under 18 U.S.C. § 3582 is a criminal or civil matter, this Court agrees with ten other circuits who have decided that such re-sentencing is a criminal matter governed by Rule 4(b) . . . .") (footnote omitted).  Second, even if the civil appeal rule did apply here, the defendant could not succeed, because he missed the deadline for filing such a motion (30 days after the original appeals period ended, Fed. R. App. P. 4(a)(5)(A)(i), which in turn was 30 days after entry of the order appealed from, Fed. R. App. P. 4(a)(1)); see also 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Jurisdiction and Related Matters § 3950.3 (4th ed.) ("The party seeking an extension under Rule 4(a)(5) must so move in the district court no later than 30 days after the expiration of the appeal time set by Rule 4(a).") (footnotes omitted).

Accordingly, I am unable to grant the defendant's motion for late filing.

**SO ORDERED.**

**DATED THIS 15TH DAY OF JUNE, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**
