UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v. )<br>)<br>KENNETH LEON MEADER, )<br>)<br>Defendant ) | CRIMINAL NO. 1:95-CR-25-DBH |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

The defendant Kenneth Meader has filed an emergency motion for compassionate relief. He also requests in forma pauperis status and appointment of counsel and asks me to seal his medical records.

Meader tells me that he requested relief from the Warden and was denied on April 23, 2020, and July 1, 2020. Def.'s Mot. at 2 (ECF No. 99). The first denial (ECF No. 99-1) failed to notify Meader of the administrative appeal process, but the second denial (ECF No. 99-2) explained how to proceed with an appeal. He has apparently decided not to seek the available administrative appeal, saying, "The administrative remedy is futile due to the denial by the warden and it is insufficient to deal with the emergency nature of this threat of COVID-19 and waiting for the response from the Regional Appeal mailed to them and then having to petition the General Counsel which can all take up to 70 days or longer if they extend their response time doesn't help me with the need to address this immediate threat of irreparable harm, namely death, and therefore exhaustion is complete for the purposes of this motion." Def.'s Mot. at 2.

I have held previously that a prisoner defendant must pursue his administrative remedies if the Warden gives a timely response to his request for compassionate relief.  United States v. Rembert, No. 2:12-CR-66-DBH, 2020 U.S. Dist. LEXIS 107423, at *2-3 (D. Me. June 19, 2020); see also United States v. Miller, No. 2:16-CR-00269, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("It seems odd that Congress would allow a defendant to short-circuit the Bureau of Prison's administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request.  In this context 'lapse' clearly means that the warden must fail to act on the defendant's request for a period of 30 days."); United States v. Weidenhamer, No. CR-16-01072-001, 2019 WL 6050264, at *4 (D. Ariz. Nov. 8, 2019) ("[T]he better reading is to require administrative exhaustion if a warden acts on a request within 30 days.  The statute requires a defendant submit a request to her warden.  If the warden acts on that request in a timely manner, it is appropriate to require a defendant to pursue an administrative appeal.")

Since Meader has not pursued an administrative appeal, I **DENY** his motion **WITHOUT PREJUDICE**.  Because the matter will not proceed in court at this time, I **DENY** his motion to appoint counsel.  No action is necessary on his request for in forma pauperis status, because there are no filing fees for this motion.  I **GRANT** the motion to seal his medical records.

**SO ORDERED.**

**DATED THIS 31ST DAY OF JULY, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2