**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> ) <br> **v.** ) <br> ) <br> **KENNETH LEON MEADER,** ) <br> ) <br> **DEFENDANT** ) | **CRIM. NOS. 1:95-CR-25-DBH** <br> **AND 1:98-CR-42-DBH-02** |

**DECISION AND ORDER ON MOTION
FOR COMPASSIONATE RELEASE**

Kenneth Meader has moved to reduce his federal imprisonment to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] Am. Mot. for Compassionate Release, No. 1:95-cr-25 (ECF No. 117). As amended by the First Step Act, this so-called compassionate release provision allows a judge, without a BOP motion, to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction."[2] I have previously ruled that the Sentencing Commission's Guideline policy statement on this provision, 1B1.13 cmt. n.1(A), which the Commission has not changed to reflect the First Step Act,[3] "provides helpful guidance" but "is not ultimately conclusive given the statutory change." United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019), aff'd, No. 19-1785 (1st Cir. July 23, 2020) ("the district court did consider other relevant circumstances not specifically enumerated in the guidelines"). The Second

---

[1] I earlier granted his motion to appoint counsel. (ECF No. 111). Meader does not qualify under subsection (ii) because, although he is over 70 years old, he has not yet served 30 years in prison.
[2] Meader has met the requirement that 30 days pass after the Warden receives his request. 18 U.S.C. § 3582(c)(1)(A).
[3] Currently, the Commission lacks a quorum to amend the Guidelines.

Circuit has gone further and ruled that the Guideline policy statement applies *only* to motions brought by the Director of the Bureau of Prisons, not to motions for relief brought by defendants, and that nothing limits judges' discretion in considering "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," except that rehabilitation alone is not to be considered an extraordinary and compelling reason. United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).

    I proceed therefore to assess whether Meader has presented "extraordinary and compelling reasons" for his release. In addition to his lawyer's legal arguments and summary of the medical records, I have received letters from Meader's sister, brother, adult son and daughter, and a fellow inmate, as well as records of programs Meader has undertaken in prison, all supportive of his release; also, the government's summary of the views of the victim of his crime, opposed to his release.

    In 1996, I sentenced Meader to 35 years in prison for being a felon in possession of a firearm, distributing cocaine, and using a firearm in connection with a drug trafficking crime. Judgment (ECF No. 79). In 2000, the late Judge Brody sentenced him to 56 more months (consecutive) for conspiracy to escape from the county jail while awaiting transfer to a BOP facility. Am. Judgment, No. 1:98-cr-42-DBH-2 (ECF No. 37). Meader's projected release date for the combined sentences is February 3, 2029. Am. Mot. at 2 (ECF No. 117); Gov't's Resp. at 9 (ECF No. 118). Meader is 71. He has "had three different types of

2

cancer[4] since 2008.  He currently has skin cancer.  [He] has liver disease, hepatitis C, suffers from intestinal bleeding, an enlarged spleen, aggressive periodontitis, glaucoma, and requires the use of a hearing aid.  Meader was the recent victim of an assault by two other inmates in which he suffered fractures to his face and bruising on his ribs." Am. Mot. at 1 (citation omitted).  The BOP classifies him as requiring Care Level 3, the most serious short of being in a medical facility.  Id. (citing BOP, Care Level Classification for Medical and Mental Health Conditions or Disabilities (May 2019)).  He also is restricted to a lower bunk.  Id.  Meader is imprisoned at FCI Butner Medium II in the Butner Federal Correctional Complex.  The BOP reports that FCI Butner Medium II currently has 0 inmates and staff positive for COVID-19, and 12 inmates and 2 staff who have recovered.  See BOP, COVID-19 Cases, Federal Bureau of Prisons (last updated Nov. 16, 2020), https://www.bop.gov/coronavirus/.

If the seriousness of Meader's medical conditions and his susceptibility to infection were the end of the matter, they—combined with the pandemic's spread—would satisfy the standard of "extraordinary and compelling reasons" both as defined by the Guideline policy statement, 1B1.13 cmt. n.1(A)-(B), and the broader standards permitted by Fox and Brooker.  Meader has recently had skin cancer, and the CDC advises that cancer puts people "at increased risk" of suffering severe illness from the coronavirus.[5]  Meader also has cirrhosis in the

---

[4] Meader was diagnosed with liver cancer in 2008, prostate cancer less than a year later, and then skin cancer more recently in 2018.  Am. Mot. at 11-12.

[5] The government argues that Meader no longer suffers from skin cancer.  Gov't's Resp. at 12-13.  It provides clinical notes from a March 2020 appointment, which indicate that the cancer on his left arm had been "Excised" with "no recurrence."  (ECF No. 118-1).  At the same appointment, however, Meader was prescribed two creams for his left arm and scalp, see id., and

3

part of his liver that remains after his liver cancer surgery, a condition for which he "might be at an increased risk" of suffering severe illness. People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 2, 2020).[6]

But that is not the end of the analysis in determining whether a motion for compassionate release should be granted. According to the statute, I must also consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). The following factors from the statute are pertinent here: "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). I deal with the last first.

### *Protecting the public from further crimes of the defendant.*

When I sentenced Meader in 1996, he was an extreme danger to the public, certainly in the top handful of the multitude of defendants I have sentenced over the past 30 years. I said at sentencing:

> Mr. Meader, the crimes of which you have been convicted were vicious, premeditated, heinous. They're unspeakable,

---

he claims to have "various spots on his head that [are] likely skin cancer and require a follow up biopsy. He is given a medication (ointment)," Am. Mot. at 12. The CDC indicates that "[h]aving cancer currently increases your risk of severe illness from COVID-19" but that "[a]t this time, it is not known whether having a history of cancer increases your risk." People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 2, 2020).

[6] According to his Amended Motion, he also suffers from a blood disorder, an enlarged spleen and internal bleeding. Am. Mot. at 1.

> there aren't adequate adjectives in the language to describe them. You've demonstrated yourself to be a vicious predator, and they cry out for the harshest sentence that is available to a court in order to protect society, in order to make clear that society absolutely will not tolerate [or] countenance . . . such conduct.
>
> If there is anything left to your life, that is a matter between you and God in terms of what remains because the rest of your useful life is going to be spent in federal prison.

Sentencing Tr. at 114 (ECF No. 79).

Meader says that now he is old, decrepit, remorseful, has rekindled his religious faith, and points to his charitable donations to a Women's Shelter. Perhaps he has changed; redemption should never be considered impossible. Nevertheless, I simply cannot determine with confidence one way or the other whether now, 24 years after I sentenced him, Meader remains a danger to the public.[7] I turn instead to the other factors.

### *The nature and circumstances of the offense.*

The heart of the offense for which I sentenced Meader was heinous and violent and involved sexual abuse. At sentencing, I said that "I do find that criminal sexual abuse occurred." I added that it was "indisputable" that the victim

> was kidnapped at gunpoint, taken in a high speed drive with a gun to a house that had been prepared for a standoff in terms of window treatment, proceeding to drive nails in the door, the preparations that the defendant had made for sexual activity, the taking of [the victim] at gunpoint to the car to get the materials, the ensuing police standoff . . . .

---

[7] Sentencing Guideline § 1B1.13(2) says that in order to grant a motion for reduction in sentence, the court must find that the defendant is not a danger to the public. But, as I have said, after the First Step Act, this policy statement is not determinative on a motion for release. See United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019), aff'd, No. 19-1785 (1st Cir. July 23, 2020). In denying Meader's motion, I do not rely on the burden of persuasion in the policy statement.

Sentencing Tr. at 80-81.  But that was not enough.  Following that sentence, Meader attempted to escape from custody and received 56 more months from another judge.

### *The history and characteristics of the defendant.*

Meader's offense was premeditated and involved violent sexual abuse.  He had a previous conviction for statutory rape and unlawful sexual contact with a 13-year-old when he was 36.  Sentencing Tr. at 82, 84-85.

### *The need to reflect the seriousness of the offense, promote respect for the law, provide just punishment and afford adequate deterrence.*

Given what I have recounted, reducing Meader's sentences now, even though he is old and sick, would diminish each of these punishment values—that the penalty "reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment . . . [, and] afford adequate deterrence." 18 U.S.C. § 3553(a)(2).

For all those reasons, I **DENY** the motion for compassionate release.

**SO ORDERED.**

**DATED THIS 17TH DAY OF NOVEMBER, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**