UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KENNETH MEADER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:95-cr-00025-JAW-1 |
| | ) | 1:22-cv-00224-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 169.) Following a jury trial, Petitioner was convicted of unlawful possession of ammunition and a firearm, distribution of cocaine, and use of a firearm during a drug crime. (Indictment, ECF No. 2; Jury Verdict, ECF No. 56.) The Court sentenced Petitioner to 120 months in prison on the firearm possession offense to be served concurrently with a 360-month prison sentence for the drug trafficking offense, and a sixty-month consecutive prison sentence for using a firearm in relation to drug trafficking. (Judgment, ECF No. 79.) Petitioner was also later convicted of conspiring to escape from jail; the Court sentenced Petitioner to fifty-six months in prison to be served consecutively with the underlying sentences. (Nolo Contendere Plea, 1:98-cr-00042, ECF No. 20; Amended Judgment, 1:98-cr-00042, ECF No. 37.) The First Circuit affirmed. *United States v. Meader*, 118 F.3d 876 (1st Cir. 1997).

Petitioner argues he should not have received guideline sentencing enhancements for being a career offender and for conduct involving sexual abuse. The Government requests dismissal. (Response, ECF No. 176.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The evidence introduced at trial and sentencing was sufficient to establish that in April 1995, Petitioner kidnapped a prior romantic partner at gunpoint, sexually assaulted her, and forced her to use cocaine and sleeping pills. (Presentence Investigation Report (First PSR) ¶¶ 7–22.) After Petitioner eventually released the victim and surrendered to state law enforcement, he was arrested and charged in state court with gross sexual assault, kidnapping, and terrorizing; he was indicted in federal court on (1) possession of a firearm after having been convicted of an offense punishable by more than one year in prison in violation of 18 U.S.C. § 922(g)(1); (2) distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (3) use of a firearm in relation to a drug crime in violation of 18 U.S.C. § 924(c). (Indictment, ECF No. 2; First PSR ¶ 1–2.) At the conclusion of a federal jury trial in March 1996, the jury found Petitioner guilty on all three charges. (Jury Verdict, ECF No. 56.)

At sentencing, Counts One and Two were grouped for purposes of calculating a guideline range. (First PSR ¶ 27–28.) Because the guideline offense level for Count One was higher than Count Two, the offense level for Count One controlled. (*Id.*) The adjusted

offense level was twenty-two, but because Petitioner committed other wrongful relevant conduct during the firearm possession offense, the firearm possession guideline provisions incorporated the offense level from the guidelines for the other relevant conduct. (First PSR ¶¶ 35–37; Sentencing Transcript at 80–81, ECF No. 81.) The offense level was increased to thirty-five because that would have been the offense level under the sexual abuse guideline provisions. (First PSR ¶¶ 45, 52, 60; Sentencing Transcript at 81.) Probation originally proposed that Petitioner had a criminal history category of IV, (First PSR ¶ 69,) but the Court determined that Petitioner was a career offender pursuant to U.S.S.G. § 4B1.1, which increased the criminal history category to VI. (Sentencing Transcript at 89–90.)

With an offense level of thirty-five and a criminal history category of VI, the guideline range for the first two counts was 292–365 months, and because the statutory maximum was 360 months, the guideline range was reduced to 360 months. (*Id.* at 90). The guideline range for the third count was sixty months to be served consecutively. (First PSR ¶¶ 61, 91.) In October 1996, the Court sentenced Petitioner to the statutory maximum of 120 months on Count One and 360 months on Count Two to be served concurrently, and sixty months on Count Three to be served consecutively. (Judgment, ECF No. 79.) The Court described the conduct as "vicious, premeditated, heinous," and "unspeakable," and emphasized that Petitioner had demonstrated himself "to be a vicious predator, and [the crimes] cry out for the harshest sentence that is available to a court in order to protect society, in order to make clear that society absolutely will not tolerate [or] countenance . . . such conduct." (Sentencing Transcript at 113–14.)

3

Following sentencing, while awaiting transfer to a federal facility, Petitioner was placed at the Kennebec County Jail. (Presentence Investigation Report (Second PSR) ¶ 3.) Authorities obtained information from cooperating individuals and through recordings which established that Petitioner and other inmates were acting on a plan to escape by arranging for an individual to park a getaway car nearby and throw over the jail fence a bag containing a firearm and gloves for climbing over the razor wire. (Second PSR ¶¶ 4–10.) In October 1998, Petitioner was charged with one count of conspiracy to escape custody, in violation of 18 U.S.C. §§ 371 and 751. Petitioner pled nolo contendere to the charge in January 1999. (Nolo Contendere Plea and Waiver of Indictment, 1:98-cr-00042-JAW, ECF No. 20.) The Court sentenced Petitioner to fifty-six months imprisonment to be served consecutively to the other federal sentences. (Amended Judgment, 1:98-cr-00042, ECF No. 37.)

Petitioner filed an appeal citing juror bias and challenging the legality of the career offender guideline enhancement. *United States v. Meader*, 118 F.3d 876 (1st Cir. 1997). As relevant here, Petitioner argued that he had only been convicted of one qualifying drug crime or crime of violence, rather than the two prior convictions needed for the enhancement to apply. *Id.* at 881. The First Circuit affirmed, rejecting Petitioner's argument that his prior convictions for statutory rape did not qualify as crimes of violence because the crime did not satisfy the guideline's so-called "residual clause" covering any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 885.

4

In February 2015, Petitioner requested a sentence reduction, which request the Court denied. (Motion to Reduce Sentence, ECF No. 94; Order, ECF No. 96.) In July 2020, Petitioner sought compassionate release, which motion the Court also denied. (Motion for Compassionate Release, ECF No. 99; Amended Motion for Compassionate Release, ECF NO. 117; Orders, ECF No. 121, 138.) The Court determined that Petitioner's health conditions combined with the COVID-19 pandemic would constitute extraordinary and compelling reasons supporting release, (Order at 3, ECF No. 121), but the Court found that compassionate release was not warranted because of the danger to the public that Petitioner represented, the seriousness of his conduct, and his history of abuse. (*Id.* at 4–6.) Petitioner pursued an unsuccessful appeal on his motion for compassionate release. (Notice of Appeal, ECF No. 162; Judgment of the First Circuit, ECF No. 175.) Petitioner subsequently filed the § 2255 motion.

## DISCUSSION

Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing, and Petitioner's claims do not rely on newly discovered facts. Because more than two decades have elapsed since his conviction became final, the timeliness of the § 2255 motion focuses on the assertion of a more recent retroactively applicable case from the Supreme Court. Because Petitioner does not cite any such case underlying his second claim related to the sexual abuse guideline provisions, that claim is untimely and cannot proceed. Petitioner cites *Johnson v. United States*, 576 U.S. 591 (2015), in support of his claim challenging the propriety of his career offender guideline enhancement.

In *Johnson*, the Supreme Court struck down as unconstitutionally vague a residual clause definition within the Armed Career Criminal Act that was essentially identical to the residual clause definition within the career offender sentencing guidelines. *Johnson*, 576 U.S. at 606. The Supreme Court later held that *Johnson* was retroactively applicable to cases on postconviction review because it established a new substantive rule rather than a new rule of criminal procedure. *Welch v. United States*, 578 U.S. 120, 130 (2016).

The *Johnson* Court addressed a criminal statute, not a guideline provision, and the Supreme Court later held that advisory sentencing guidelines provisions—including the

6

very provision and definition Petitioner cited—cannot be challenged on vagueness grounds. *See Beckles v. United States*, 580 U.S. 256, 268 (2017). The holding in *Beckles* relied on the fact that the Supreme Court, in *United States v. Booker*, 543 U.S. 220 (2005), had previously rendered the sentencing guidelines "advisory" or nonbinding. *Beckles*, 580 U.S. at 265. At the time Petitioner was sentenced, however, the guidelines were still considered binding. *Beckles*, therefore, does not foreclose the relief Petitioner seeks. *See id.* at 281 n.4 (Sotomayor, J. concurring) (noting that the majority opinion takes no position on vagueness challenges to sentencing guidelines for those prisoners who were sentenced before the Supreme Court decided *Booker*); *Shea v. United States*, 976 F.3d 63, 82 (1st Cir. 2020) (holding that the rule established in *Johnson* applies to pre-*Booker* prisoners challenging career offender residual clause enhancements); *see also*, *Moore v. United States*, 871 F.3d 72, 83–84 (1st Cir. 2017).

Following *Johnson*, the new limitations period pursuant to § 2255(f)(3) elapsed one year later, in June 2016—more than six years before Petitioner filed the § 2255 motion. Even assuming Petitioner could rely for purposes of the statute of limitations on *Beckles* and the fact that it rested on the advisory nature of the guidelines, the new one-year limitations period would still have elapsed in March 2018—more than four years before Petitioner filed the § 2255 motion.

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but

was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).

Petitioner alleges that he is entitled to equitable tolling because he was unaware of the statute of limitations, but it is well established that "[i]gnorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing." *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002). Petitioner also cites his serious health conditions. The Court has previously recognized the seriousness of Petitioner's health conditions, including prior diagnoses for liver, prostate, and skin cancer. (Orders on Motion for Compassionate Release, ECF Nos. 121, 138.) Petitioner, however, has not explained how the conditions prevented him from pursuing habeas relief before the limitations period elapsed. A review of the medical records Petitioner submitted does not reveal any obvious incidents or prolonged treatments that would have prevented him from filing a § 2255 petition in the years after *Johnson* was decided. Petitioner's multiple other postconviction filings in 2015 and during the last two years also precludes the diligence finding necessary to toll the limitations period for all the years between June 2016 and July 2022. That is, Petitioner fails to explain how he was well enough to pursue other avenues of relief but not well enough to pursue a § 2255 motion.

In sum, because Petitioner did not file the § 2255 motion within the applicable limitation period, and because equitable tolling does not apply, dismissal is warranted.[1]

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district

---

[1] Even if the motion were deemed timely-filed, Petitioner would not be entitled to relief. The Court did not err at sentencing when it considered for guideline purposes facts that were not established at trial, such as the sexual abuse conduct. And non-constitutional claims of legal error, such as misapplications of advisory sentencing guidelines, are noncognizable on postconviction review unless the error was so serious that it "amount[s] to a fundamental defect which inherently results in a complete miscarriage of justice." *See Mateo v. United States*, 398 F.3d 126, 136 (1st Cir. 2005) (quotation omitted). Petitioner cannot meet that standard. Because he did not raise the vagueness argument on direct appeal, that issue was procedurally defaulted, which bars relief unless Petitioner can show cause to excuse the default and prejudice from a violation of federal law. *See Berthoff v. United States*, 308 F.3d 124, 127–28 (1st Cir. 2002). Petitioner can establish cause to excuse the default because *Johnson* represented a "clear break with the past" which made the argument practically unavailable at the time of the direct appeal. See *Reed v. Ross*, 468 U.S. 1, 17 (1984). Petitioner cannot establish prejudice, however. Even if on resentencing the upper end of the advisory guideline range were 293 months rather than 365 based on a criminal history category of IV rather than VI, there is no reasonable likelihood that he would receive a lesser term of imprisonment given the strong possibility of an upward departure or variance based on (1) the prior imposition of a statutory maximum sentence and (2) the Court's repeated findings about the severity and extreme cruelty of Petitioner's crimes, including the statement that Petitioner's crimes "cry out for the harshest sentence that is available to a court . . . ." (Sentencing Transcript at 113–14.) This is not a case where postconviction relief is warranted because there is nothing except for "speculation" or "conjecture" about what the district court would do in light of post-sentencing developments undermining a guideline enhancement. *See Cuevas v. United States*, 778 F.3d 267, 275 (1st Cir. 2015).

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 13th day of February, 2023.